UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AUDLEY KERR and SUZETTE KERR,

    Plaintiffs,

v.                                                Case No:  2:15-cv-327-FtM-38MRM

WELLS FARGO BANK, NA, and US
BANK NA,

    Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court on Defendants Wells Fargo Bank, N.A. and US Bank National Association's Motion to Dismiss Plaintiffs' Complaint (Doc. #17) filed on August 25, 2015. Plaintiffs Audley Kerr and Suzette Kerr, appearing *pro se*, filed a Motion to Strike Defendants' Motion to Dismiss as Moot (Doc. #18) on September 3, 2015, which the Court construes as their response. Defendants also filed a Response in Opposition to Plaintiffs' Motion to Strike Defendants' Motion to Dismiss as Moot (Doc. #19) on September 21, 2015. Plaintiffs, in turn, filed a Response to Defendant's Opposition (Doc. #20) on October 7, 2015. Both matters are ripe for review.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

**BACKGROUND**[2]

In 2006, Plaintiffs secured a loan to purchase property located at 510 Columbus Avenue, Lehigh Acres, Florida.  (Doc. #1-1 at ¶ 1).  Plaintiffs executed a promissory note and mortgage (collectively, the "Loan") in favor of non-party First National Bank of Arizona ("First National"), with Mortgage Electronic Registration Systems ("MERS") as beneficiary and nominee for First National.  (Doc. #17-1).  Several years later, MERS assigned the Loan to Defendant US Bank National Association ("Defendant US Bank"), who promptly recoded this transfer.  (Doc. #17-1 at 51).

On January 30, 2012, Defendant US Bank filed a mortgage foreclosure action against Plaintiffs in the Twentieth Judicial Circuit in and for Lee County.[3]  (Doc. #17-1 at 28-31).  Attached to the foreclosure complaint was, among other things, a copy of the promissory note with two allonges, one of which contained a specific endorsement from First National to First National of Nevada and the other an endorsement in blank from First National of Nevada.  (Doc. #1-2; Doc. #1-3).

On May 29, 2015, Plaintiffs initiated this suit against Defendant.  (Doc. #1; Doc. #1-1).  Although the Complaint is not a model of clarity, Plaintiffs are effectively mounting a collateral attack against Defendants' standing to foreclose on their property.  According to Plaintiffs, Defendants have committed various frauds relating to the securitization of their mortgage and the so-called "robo-signing" of the assignment and allonges.

---

[2] The facts are derived from Plaintiffs' Complaint, which itself references numerous documents including the promissory note and mortgage.  The Court may consider these documents in ruling on Defendants' motion to dismiss without transforming it into one for summary judgment.  See Fed. R. Civ. P. 10(c); *Starships Enters. of Atlanta, Inc. v. Coweta Cnty., Ga.*, 708 F.3d 1243, 1252, n.13 (11th Cir. 2013).

[3] The underlying mortgage foreclosure action is captioned as *US Bank Nat'l Ass'n v. Kerr*, Case No. 12-CA-05097 (Fla. Cir. Ct.).

Defendants, in response, move to dismiss the Complaint as a shotgun pleading and for failure to state claims upon which relief may be granted. (Doc. #17).

## LEGAL STANDARD

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the reviewing court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This preferential standard of review, however, does not permit all pleadings adorned with facts to survive to the next stage of litigation. The Supreme Court has been clear on this point – a district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. See *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is facially plausible when the court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. See *Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

*Pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (citation omitted). But "even in the case of *pro se* litigants[,] this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Boles v. Riva*, 565 F. App'x 845, 846 (11th Cir. 2014) (citation omitted). *Pro se* litigants are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this District's Local Rules. See *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th

Cir. 2005); *Grew v. Hopper*, No. 2:07-cv-550, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008).

## DISCUSSION

The legal foundation of Plaintiffs' claims is difficult to discern from the Complaint. Reading the Complaint very liberally, Plaintiffs appear to assert claims of fraud relating to the securitization of the promissory note and assignment to Defendant US Bank, and that because of such fraud, Defendant US Bank lacks standing to foreclose. (Doc. #1 at ¶¶15-38). As discussed below, these theories cannot survive even scrutiny under *Twombly* and *Iqbal*.

### A. Pleading Deficiencies

In addition to lacking legal support, there are several other independent grounds for dismissing Plaintiffs' claims. Foremost among them is Plaintiffs' failure to comply with the requisite pleading standards. Although *pro se* pleadings are to be construed liberally, a *pro se* litigant must still follow procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam). Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "If the complaint indiscriminately groups the defendants together, it fails to comply with the minimum standard of Rule 8." *See Joseph v. Bersten*, 612 F. App'x 551, 555 (11th Cir. 2015). Here, the Complaint refers to actions allegedly taken by "Defendants" without any distinction between the two entities. Plaintiff's claims, likewise, indiscriminately lump both Defendants together without articulating the factual basis for each Defendant's liability. As such, the Complaint fails to satisfy Rule 8.

In addition to the foregoing, allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements. That rule requires a complaint to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The Eleventh Circuit has stated:

> Rule 9(b) is satisfied if the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."

Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1237 (11th Cir. 2008) (citation omitted). Thus, the circumstances required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity. Id.

The Complaint in this case is far removed from satisfying Rule 9(b). In addition to the frivolous and immaterial "factual allegations," the Complaint contains a series of conclusory statements that Defendants committed fraud. Plaintiffs' claims do not detail the who, what, when, where, and how of Defendants' alleged fraudulent acts. Instead, they summarily assert, among other things, that Defendants "filed forged/faked documents in court and public records"; "invented fictitious documents (assignment, affidavit)"; "withheld discovery evidence"; "conspired to commit fraud"; and "violated ethics/fiduciary responsibilities." (Doc. #1-1 at ¶¶ 8-12). These allegations omit several details that Rule 9(b) requires. Without any facts suggesting the time, place, and substance, such allegations do support viable claims for fraud.

In the face of the above pleading deficiencies, the Court turns now to Plaintiffs' specific claims of fraud.

**B. Securitization fraud**

Much of the Complaint focuses on the theory that any mortgage loan that undergoes securitization is invalid. Plaintiffs cling to the fact that their mortgage was securitized because they believe that this somehow invalidates their mortgage, extinguishes their obligation to repay the money borrowed, and bars Defendants from foreclosing on their property. But Plaintiffs' contention that the securitization of their mortgage somehow affects Defendants' rights is meritless. They have identified no authority supporting their position, and courts have repeatedly rejected this line of reasoning. *See, e.g., Rhodes v. JPMorgan Chase Bank, N.A.*, No. 12-80368-CIV, 2012 WL 5411062, at *4 (S.D. Fla. Nov. 6, 2012) (stating that the subsequent securitization of a note did not deprive the defendant of any legal interest in the promissory note); *Chan & Pao Tang v. Bank of Am., N.A.*, No. SACV 11-2048, 2012 WL 960373, at *7 (C.D. Cal. Nov. 30, 2012) (dismissing *pro se* plaintiffs' claim that the securitization of their mortgage affected defendants' power to foreclose); *Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) (rejecting the plaintiffs' contention that none of the defendants had authority to foreclose because their loan was packaged and resold in the secondary market, where it was put into a trust pool and securitized).

Even setting aside the lack of legal authority, Plaintiffs have alleged no facts – beyond conclusory statements – that make it plausible that securitization had any impact on Defendants' rights (or their obligations) under the Loan. Finally, Plaintiffs apparently learned their securitization theory from www.FraudStoppers.org, as nearly half of the Complaint is verbatim from this website. However, the pleading lacks a single fact related

to Plaintiffs' Loan that supports the securitization theory of the "Fraud Stoppers." (Doc. #1 at ¶¶ 15-38).

In short, there is no legal or factual basis to find that the promissory note and mortgage were invalidated, or the debt rendered uncollectable, by the securitization process in this case. Accordingly, Plaintiffs' claim that Defendants lack the authority to foreclose because their mortgage was securitized is dismissed.

### C. Assignment Fraud

Next, Plaintiffs oppose Defendants' standing to foreclose by challenging the validity of the mortgage's assignment. Specifically, Plaintiffs argue that MERS lacked the authority to assign the mortgage and that the assignment was executed by "robo-signers." This claim is easily disposed of. Plaintiffs do not have standing to raise this argument because they were not parties to the mortgage assignment. *See In re Canellas,* No. 6:11-cv-1247–Orl–28DAB, 2012 WL 868772, at *3 (M.D. Fla. Mar. 14, 2012) (standing to challenge validity of assignment of mortgage for failure to comply with pooling and service agreement requires status as a party to that agreement, a third-party beneficiary or an investor in the pooled mortgages); *see also Altier v. Fed. Nat. Mortg. Ass'n*, No. 1:13-CV-164-MW/GRJ, 2013 WL 6388521, at *3 (N.D. Fla. Dec. 6, 2013) (citation omitted). Accordingly, Plaintiffs' claim that the assignment to Defendant US Bank was fraudulent is dismissed.

### D. No Private Right of Action for Criminal Mortgage Fraud

To the extent Plaintiffs maintain that Defendants have committed criminal mortgage fraud in violation of 18 U.S.C. § 1021, such a claim is not viable. Section 1021 is a criminal statute providing that any person who is authorized to record a conveyance of

real property who falsely records such a conveyance may be fined and/or imprisoned for up to five years. But no private right of action exists for Plaintiffs under this criminal statute. "'Criminal statutes provide no basis for civil liability.'" *Otto v. Hillsborough Cty., Fla.*, No. 8:12-cv-1515, 2013 WL 2456095, at *4 (M.D. Fla. June 6, 2013) (citation omitted); *see also Tam Anh Pham v. Deutsche Bank Nat. Trust Co.*, 583 F. App'x 216, 217 (4th Cir. 2014) (finding plaintiff's assertions that defendants violated 18 U.S.C. § 1021 fail because there is no civil or private remedy for an alleged violation of this statute). Plaintiffs simply lack standing to enforce penal statutes. "'Only a federal or state prosecutor can file a criminal charge against a person or entity.'" *Id.* (citations omitted). Thus, it is appropriate to dismiss this claim under § 1021 with prejudice because it seeks redress under a federal criminal statute. *See Matute v. Main Street Acquisition Corp.*, No. 11-cv-62375, 2012 WL 4513420, at *3-4 (S.D. Fla. Oct. 2, 2015); *cf. Mahan v. Suntrust Mortg., Inc.*, No. 5:14-cv-109OC-10PRL, 2015 WL 3605105, at *6 (M.D. Fla. June 8, 2015) (dismissing *pro se* plaintiffs' § 1201 claim on other grounds).

In conclusion, for the above stated reasons, the motion to dismiss will be granted. Nevertheless, because Plaintiffs are proceeding *pro se*, the Court will grant them leave to amend the Complaint in order to cure the deficiencies as expressed herein.

Accordingly, it is now

**ORDERED:**

(1) Defendants Wells Fargo Bank, N.A. and US Bank National Association's Motion to Dismiss Plaintiffs' Complaint (Doc. #17) is **GRANTED**.

(2) Plaintiffs Audley Kerr and Suzette Kerr Motion to Strike Defendants' Motion to Dismiss as Moot is **DENIED**.

(3) Plaintiffs Audley Kerr and Suzette Kerr shall file an amended complaint on or before December 21, 2015.  Defendants have **fourteen (14) days** after service of Plaintiffs' amended complaint to file a responsive pleading.

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of December 2015.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record